**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4975**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DENNIS DWAYNE BARRETT,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (CR-05-41)

Submitted: April 26, 2006                Decided: June 7, 2006

Before WILLIAMS, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Edward H. Weis, Assistant Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Charleston, West Virginia, for Appellant. Charles T. Miller, Acting United States Attorney, Joshua C. Hanks, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

A jury convicted Dennis Dwayne Barrett of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000). He was sentenced to forty-one months of imprisonment. On appeal, he argues that the district court erred in instructing the jury regarding the "in or affecting commerce" element and that his sentence is unreasonable. We affirm.

This court reviews a district court's decision to give a jury instruction and the content of an instruction for abuse of discretion. See United States v. Abbas, 74 F.3d 506, 513 (4th Cir. 1996). A district court abuses its discretion when it fails or refuses to exercise its discretion or when its exercise of discretion is flawed by an erroneous legal or factual premise. James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993). When jury instructions are challenged on appeal, the issue is whether, taken as a whole, the instructions fairly stated the controlling law. United States v. Cobb, 905 F.2d 784, 788-89 (4th Cir. 1990).

Barrett concedes that this court has rejected his argument that the Government must prove his possession of a firearm explicitly affected or was connected with interstate commerce. He argues, however, that the district court's jury instruction obviated the Government's burden of proof on an essential element of the offense and thereby violated due process by creating an unconstitutional presumption. The court specifically instructed

the jury that the Government was obligated to prove beyond a reasonable doubt that the firearm traveled in interstate commerce. Because the district court's instruction that the "in or affecting commerce" element could be proven by evidence that the firearm was manufactured in another state is consistent with the controlling law and the jury instruction did not obviate the Government's burden of proving the element, we find Barrett's challenge to the jury instruction without merit.

Barrett also argues that his forty-one-month sentence was unreasonable because it is greater than necessary to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment. He specifically points to the fact that, while his possession of the firearm was illegal, he did not physically harm or threaten the public.

After United States v. Booker, 543 U.S. 220 (2005), a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). In a post-Booker sentencing, district courts must calculate the appropriate guideline range, consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and impose a sentence. United States v. Green, 436 F.3d 449, 455-56 (4th Cir. 2006) (citing Hughes, 401 F.3d at 546), cert. denied, __ U.S. __, 2006 WL 1057741 (U.S. May 22, 2006) (No. 05-10474). However, a

"district court need not explicitly discuss every § 3553(a) factor on the record." United States v. Eura, 440 F.3d 625, 632 (4th Cir. 2006) (citation omitted). "[A] sentence imposed within the properly calculated Guidelines range . . . is presumptively reasonable." Green, 436 F.3d at 457 (internal quotation marks and citation omitted); see United States v. Johnson, 445 F.3d 339, 341-44 (4th Cir. 2006)(discussing justifications for finding sentence within properly calculated advisory guidelines range presumptively reasonable).

Based on an offense level of twenty and a criminal history category of III, Barrett's guideline range was forty-one to fifty-one months of imprisonment. Barrett's forty-one-month sentence was at the bottom of the guideline range and below the statutory maximum of ten years of imprisonment for a § 922(g)(1) violation. The district court clearly appreciated the guidelines as advisory and stated that it had taken into consideration the factors under 18 U.S.C.A. § 3553(a). The court noted that Barrett had "compiled a significant criminal record," but took into account that he had adjusted well in North Carolina for the past two years. The court concluded that, because of Barrett's record, it was appropriate to sentence him within the suggested guideline range. Because the district court appropriately treated the guidelines as advisory, properly calculated and considered the guideline range,

and weighed the relevant § 3553(a) factors, we find that Barrett's sentence is reasonable.

Accordingly, we affirm Barrett's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED